UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOK HOME, an Ohio citizen,<br><br>Plaintiff,<br><br>v.<br><br>ALTRIDER, LLC, a Washington Limited Liability Company; JEREMY LEBRETON, a Washington citizen; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C16-1535 RSM<br><br>ORDER DENYING DEFENDANT ALTRIDER'S MOTION TO DISMISS AND GRANTING DEFENDANT LEBRETON'S MOTION TO DISMISS |

## I.     INTRODUCTION

This matter comes before the Court on Motions to Dismiss filed by Defendants Altrider, LLC ("Altrider") and Jeremy LeBreton, Dkts. #40 and #41.  For the reasons below, the Court DENIES Altrider's Motion and GRANTS Defendant LeBreton's Motion.  Plaintiff Lok Home's claims against LeBreton are dismissed without prejudice and with leave to amend.

## II.     BACKGROUND[1]

### A. Factual Background

Defendant Altrider manufactures and sells accessories and gear for "adventure touring motorcycles and waterproof adventure luggage."  Dkt. #1 at 3.  Altrider registered as a

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #1, and accepted as true for purposes of ruling on these Motions to Dismiss.

ORDER DENYING DEFENDANT ALTRIDER'S MOTION TO DISMISS AND GRANTING DEFENDANT LEBRETON'S MOTION TO DISMISS - 1

Washington State Limited Liability Company in December of 2008. On or about September 26, 2009, Altrider's managing members, Defendant LeBreton and his then-wife Brianna Home entered into an agreement ("Operating Agreement") to share ownership with Plaintiff, Brianna's father. This agreement divided ownership as follows: 40% for Defendant LeBreton, 40% for Brianna Home, and 20% for Plaintiff Lok Home.

On November 16, 2015, Defendant LeBreton and Brianna Home dissolved their marriage and entered a Divorce Decree. The Divorce Decree provides that Brianna Home's 40% ownership will transfer to LeBreton once he removes Brianna Home from an unrelated Altrider Small Business Administration ("SBA") loan. According to the Complaint, LeBreton has not complied with the Divorce Decree, and has not removed Brianna Home from the SBA loan. As of November 16, 2015, LeBreton has and controls all rights attendant to Brianna Home's 40% ownership in Altrider, including distribution, voting and management rights.

Plaintiff Home alleges that he has made several personal loans to Defendant Altrider, over several years, totaling hundreds of thousands of dollars. The Complaint attaches an "Altrider, LLC Balance Sheet as of December 31, 2015," showing a "long term liability" of $407,321.98 to Plaintiff Lok Home. Dkt. #1-1. On October 15, 2015, Plaintiff states that he sent an email to LeBreton demanding repayment of these loans by stating "AltRider has to pay back my loan plus interest." Dkt. #1 at 7. Plaintiff states that he has "continued to demand repayment of his personal loans to Defendants in various emails after October 15, 2015, through the present." *Id.* On January 6, 2016, Plaintiff sent an email to Defendants stating in part "I also need you to provide a loan and back interest repayment plan for the Personal loan I have with Altrider. A reasonable interest rate would be the same interest as the SBA loan carries." Dkt. #1-2 at 3. On January 23, 2016, Defendants responded with an email

ORDER DENYING DEFENDANT ALTRIDER'S MOTION TO DISMISS AND GRANTING DEFENDANT LEBRETON'S MOTION TO DISMISS - 2

acknowledging the existence of a debt of $407,321 to Plaintiff and stating "[s]tarting Feb 1st, Altrider will begin to repay the 407k loan over 10 years at an interest rate of 2.5%. Payments will be issued the 1st of every month." *Id.* at 2. This email was sent by Defendant LeBreton acting as the President of Altrider. *Id.* Defendants have since failed to repay Mr. Home.

This action was filed on September 30, 2016. Dkt. #1. Mr. Home alleges causes of action for breach of loan agreements, breach of repayment agreement, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and for "piercing veil of limited liability company; alter ego liability; liability of managing member." *Id.* Mr. Home pleads diversity jurisdiction in this matter as he is resides in Chagrin Falls, Ohio, and Defendants reside in Washington State. *Id*. at 2-3.

On November 16, 2016, Defendants each filed a separate Motion to Dismiss under Rule 12(b)(6). Dkts. #6 and #7.

### III.   DISCUSSION

**A. Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include

detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

**B. Defendant Altrider's Motion**

Defendant Altrider argues that Mr. Home's breach of repayment agreement claim must be dismissed, as well as his unjust enrichment and breach of the implied covenant of good faith and fair dealing claims to the extent that they rely on the existence of the repayment agreement, because Mr. Home failed to adequately plead the existence of a repayment agreement for the above loans. Dkt. #7 at 3. Specifically, Altrider argues:

> Mr. Home did not attach the alleged October 15, 2015 email to his Complaint, but he did attach an email string demonstrating that the January 23, 2016 email referenced above was not a response to the alleged October 15, 2015 email, but rather to a January 6, 2016 email from Mr. Home stating, "I also need you to provide a loan and back interest repayment plan for the Personal loan I have with Altrider [sic]." (*Id*., Ex. B) Mr. Home's Complaint neither alleges that he accepted the January 23, 2016 repayment proposal, nor incorporates by reference any exhibit reflecting any such acceptance.

*Id*. Defendant Altrider then proceeds to state the legal standard for a contract claim and to argue that the Complaint "does not adequately allege offer and acceptance." *Id*. at 5.

In Response, Mr. Home argues that mutual assent is usually a question of fact and that the Complaint adequately sets forth offer and acceptance. Dkt. #8 at 1. Mr. Home argues that "[e]ven if the Court deems the Repayment Agreement as open to negotiation, mutual agreement as to all terms is usually only a requirement in the context of specific enforcement of a contract, which Plaintiff is not seeking in the case at bar." *Id*. at 2. Mr. Home argues that the offer at issue occurred on January 6, 2016, when he wrote to Defendants "I need you to provide a loan and back interest repayment plan for the Personal loan I have with Altrider." *Id*. at 5 (citing

ORDER DENYING DEFENDANT ALTRIDER'S MOTION TO DISMISS AND GRANTING DEFENDANT LEBRETON'S MOTION TO DISMISS - 4

Dkt. #1-2 at 3). Mr. Home argues that the acceptance occurred in Altrider's January 23, 2016, email where Altrider promised to repay the loan over ten years (see above). *Id.* at 5-6. Mr. Home argues that he need only adequately allege—not prove—the existence of a valid contract at this stage in the litigation. *Id*. at 6. Mr. Home argues that "[m]utual assent is usually a question of fact that cannot be determined on the pleadings." *Id.* at 8 (citing *P.E. Sys., LLC v. CPI Corp.*, 176 Wn. 2d 198, 200, 289 P.3d 638, 640 (2012)).

On Reply, Altrider argues that the January 6, 2016, email cannot constitute an offer because it lacks a promise or intent to be bound to the terms of a proposal. Dkt. #10 at 3. Altrider argues that the alleged repayment agreement is not merely vague or imprecise, but that the Complaint and attachments "conclusively establish the absence of any repayment agreement." *Id*. at 4. Altrider admits that the existence of mutual assent is normally a question of fact, but argues that it can be decided as a matter of law where reasonable minds could not differ. *Id*. at 5 (citing *Sea-Van Invs. Assocs. v. Hamilton*, 125 Wash.2d 120, 126, 881 P.2d 1035, 1038 (1994)).

The Court disagrees with Altrider and finds that Mr. Home's January 6, 2016, email could reasonably be seen as conveying both the request to call in his loans and an offer of a repayment plan at a specific interest rate, with other details to be proposed by Altrider. Although Altrider's response on January 23, 2016, could reasonably be seen as a counteroffer, it could also reasonably be seen as accepting that offer by setting forth a specific repayment plan. Defendants state that "[s]tarting Feb 1st, Altrider will begin to repay" the loans, at a specific interest rate and starting at a specific time. It is not clear from this email that further details needed to be ironed out, or that repayment would not occur unless Mr. Home responded to the email. Nevertheless, Mr. Home alleges that he continued to demand repayment of the loans in

various emails up to the present. The content of these emails could constitute further evidence of the formation of the repayment agreement by explicitly or implicitly accepting the terms of Altrider's proposed repayment plan. The Court need not consider these missing emails to rule on this Motion; Mr. Home is not required to prove his case at this stage. Based on the information before it, the Court cannot say as a matter of law that mutual assent was lacking in this repayment agreement, much less that sufficient details are lacking in the pleading. Accepting all facts alleged in the complaint as true, and making all inferences in the light most favorable to Plaintiff as the non-moving party, this Court finds that Mr. Home has adequately pled his claims as to Defendant Altrider and will DENY Defendant Altrider's Motion. The Court need not discuss Mr. Home's alternative arguments in support of his claims.

### C. Defendant LeBreton's Motion

Defendant LeBreton argues that the claims against him should be dismissed because the Complaint fails to allege he was a party to the agreements at issue or that he personally received a benefit conferred by Mr. Home, and because Mr. Home's claim for piercing the corporate veil is not recognized as a cause of action. Dkt. #6. LeBreton first argues that the Complaint fails to allege any facts to show that the loan agreements or the repayment agreement were entered into by LeBreton individually. Dkt. #6 at 4-5. LeBreton next argues that the claim for unjust enrichment fails because the benefit of the loans was conferred to Altrider, not LeBreton individually. *Id*. at 5 (citing *Allstate Ins. Co. v. Lighthouse Law P.S., Inc.*, 2016 WL 4041198 at * 6 (W.D.Wash. 2016)). LeBreton argues that a "request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." *Id.* at 5 (citing *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999)). LeBreton further argues that Plaintiff's pleadings as to alter ego liability

fail to meet the *Twombly*/*Iqbal* standard because they lack specificity and are made solely on information and belief. *Id*. at 6.

In Response, Mr. Home concedes that the Complaint "does not explicitly state that LeBreton was a party to the loan agreements" but argues that Mr. Home is a party to the loan agreements as AltRider's alter-ego. Dkt. #9 at 1. Mr. Home fails to address the legal authority cited by LeBreton to support dismissing the piercing the corporate veil claim. Mr. Home argues that LeBreton's liability is based not only on piercing the veil and alter ego liability theories, but also LeBreton's personal tortious bad faith failure to repay monies owed to Mr. Home. *Id.* at 2. Mr. Home seeks leave to amend the Complaint to cure any perceived deficiencies in the pleadings. *Id.* at 3.

The Court agrees with Defendant LeBreton that the Complaint does not plead that LeBreton was a party to the loan agreements at issue, and that this is fatal to Mr. Home's contract claims against that Defendant. The Court further agrees that Plaintiff has failed to adequately plead his other claims against LeBreton, as the Complaint and attachments appear to indicate all actions or inactions with regard to the loans were made on behalf of Altrider rather than LeBreton personally, and because the Complaint fails to allege facts to show that LeBreton was personally unjustly enriched as opposed to Altrider. Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that leave to amend should be granted in this case to allow Mr. Home to amend his claims in response to the deficiencies noted above.

ORDER DENYING DEFENDANT ALTRIDER'S MOTION TO DISMISS AND GRANTING DEFENDANT LEBRETON'S MOTION TO DISMISS - 7

As the Ninth Circuit has made clear, a "request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself." *Local 159*, *supra*.  Mr. Home therefore may not assert it as a separate claim; however, he may still seek to impose liability for other claims by piercing the corporate veil. Accordingly, the Court will dismiss Mr. Home's piercing the veil claim against Defendant LeBreton, but allow him to amend his Complaint to make his allegations in the context of his other underlying substantive claims.

## IV.   CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Altrider's Motion to Dismiss (Dkt. #7) is DENIED.

2) Defendant LeBreton's Motion to Dismiss (Dkt. #6) is GRANTED.  Plaintiff's claims against Defendant LeBreton are DISMISSED without prejudice.

3) Plaintiff is granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than twenty-one (21) days** from the date of this Order. Failure to file an Amended Complaint within this time period will result in dismissal of Plaintiff's claims against Defendant LeBreton with prejudice.

DATED this 27 day of March 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE