UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOK HOME, an Ohio citizen,<br><br>                Plaintiff,<br><br>    v.<br><br>ALTRIDER, LLC, a Washington Limited Liability Company; JEREMY LEBRETON, a Washington citizen; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. C16-1535-RSM<br><br>ORDER DENYING DEFENDANT LEBRETON'S MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Jeremy LeBreton's Motion for Judgment on the Pleadings. Dkt. #20. Mr. LeBreton "moves this Court pursuant to Rule 12(c) to enter judgment dismissing Plaintiff's allegations of alter ego liability because Plaintiff voluntarily dismissed the necessary party, Altrider (who cannot be rejoined)…" *Id*. at 1. Plaintiff opposes this Motion arguing that his claims against Defendant LeBreton can proceed. Dkt. #24. For the reasons below, the Court DENIES Defendant LeBreton's Motion.

ORDER DENYING DEFENDANT LEBRETON'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1

## II. BACKGROUND[1]

### A. Factual Background

Altrider manufactures and sells accessories and gear for "adventure touring motorcycles and waterproof adventure luggage." Dkt. #13 at 3. Altrider registered as a Washington State Limited Liability Company in December of 2008. On or about September 26, 2009, Altrider's managing members, Defendant LeBreton and his then-wife Brianna Home entered into an agreement ("Operating Agreement") to share ownership with Plaintiff, Brianna's father. This agreement divided ownership as follows: 40% for Defendant LeBreton, 40% for Brianna Home, and 20% for Plaintiff Lok Home. *Id*. at 4.

On November 16, 2015, Defendant LeBreton and Brianna Home dissolved their marriage and entered a Divorce Decree. The Divorce Decree provides that Brianna Home's 40% ownership will transfer to LeBreton once he removes Brianna Home from an unrelated Altrider Small Business Administration ("SBA") loan. According to the Amended Complaint, LeBreton has not complied with the Divorce Decree, and has not removed Brianna Home from the SBA loan. As of November 16, 2015, LeBreton has and controls all rights attendant to Brianna Home's 40% ownership in Altrider, including distribution, voting and management rights. *Id*.

Plaintiff Home alleges that he has made several personal loans to Altrider, over several years, totaling hundreds of thousands of dollars. The Amended Complaint attaches an "Altrider, LLC Balance Sheet as of December 31, 2015," showing a "long term liability" of $407,321.98 to Plaintiff Lok Home. Dkt. #13-2. On October 15, 2015, Plaintiff demanded repayment of his loans in an October 15, 2015, email to LeBreton and Altrider. Plaintiff states

---

[1] The following background facts are taken from Plaintiff's Amended Complaint (Dkt. #13) and accepted as true for purposes of ruling on these Motions to Dismiss.

that he has "continued to demand repayment of his personal loans to Defendants in various emails after October 15, 2015, through the present." Dkt. #13 at 9. On January 6, 2016, Plaintiff sent an email to Defendant LeBreton stating in part "I also need you to provide a loan and back interest repayment plan for the Personal loan I have with Altrider. A reasonable interest rate would be the same interest as the SBA loan carries." Dkt. #13-3 at 3. On January 23, 2016, LeBreton responded with an email acknowledging the existence of a debt of $407,321 to Plaintiff and stating "[s]tarting Feb 1st, Altrider will begin to repay the 407k loan over 10 years at an interest rate of 2.5%. Payments will be issued the 1st of every month." *Id.* at 2. This email was sent by Defendant LeBreton acting as the President of Altrider. *Id.* LeBreton and Altrider have since failed to repay Mr. Home.

Plaintiff has added additional facts to his Amended Complaint addressing Defendant LeBreton's status as an alter-ego of Altrider. Plaintiff alleges that LeBreton acts as Altrider's manager-in-chief, and has "failed to follow LLC formalities, failed to provide annual reports to its members, and failed to keep adequate limited liability company records." *Id* at 5. Plaintiff alleges that Altrider is not adequately capitalized, that LeBreton has commingled funds, and that LeBreton has personally benefitted from the loan agreements at issue by using Altrider's funds for his own personal non-business use. *Id*. Plaintiff cites to Findings of Fact and Conclusions of Law in the divorce case referenced above. *Id*.

This action was filed on September 30, 2016. Dkt. #1. Plaintiff amended his Complaint on April 17, 2017. Dkt. #13. Plaintiff alleges causes of action against Altrider and LeBreton for breach of loan agreements, breach of repayment agreement, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. *Id.*

ORDER DENYING DEFENDANT LEBRETON'S MOTION FOR JUDGMENT ON THE PLEADINGS - 3

On June 9, 2017, the parties, including Defendant LeBreton and then-Defendant Altrider, stipulated to the voluntary dismissal of Altrider without prejudice. Dkt. #19. The Court entered that stipulation and ordered dismissal. Dkt. #23. The instant Motion followed on August 1, 2017. Dkt. #20.

### III. DISCUSSION

#### A. Legal Standard

A Rule 12(c) motion is appropriate to address a plaintiff's failure to state a claim and failure to join a necessary party under Rule 19. Rule 12(h)(2). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citations and internal quotation marks omitted); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011). In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

"In determining whether a party is 'necessary' under Rule 19(a), a court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (citation omitted).

**B. Defendant LeBreton's Motion**

LeBreton brings this motion to dismiss Plaintiff's alter ego and veil piercing allegations only, not to dismiss a cause of action. LeBreton argues that Altrider is an indispensable party because "any liability of Defendant LeBreton based on a veil piercing theory is necessarily predicated on first finding that the absent Altrider is liable to Plaintiff on the alleged loan," and that "[t]he absent Altrider certainly has an interest in any decision that it is liable to Plaintiff for $400,000+." Dkt. #20 at 5. LeBreton argues that "Plaintiff voluntarily dismissed Altrider," and that "Plaintiff has voluntarily dismissed the corporate defendant before establishing the corporate defendant owed Plaintiff a duty." *Id*. at 3.

In Response, Plaintiff Home points out that LeBreton is not seeking to dismiss causes of action, but to "strike factual allegations." Dkt. #24 at 1. Plaintiff argues that the idea that "LeBreton cannot be held liable on the subject loans without finding that Altrider is liable first – is a false premise based on mischaracterizing the facts alleged in the Amended Complaint, and is unsupported by any cited legal authority." Dkt. #24 at 1–2. Plaintiff argues that the Amended Complaint seeks only to hold LeBreton liable, not Altrider. Plaintiff cites several cases for the proposition that inclusion of an LLC as a defendant is not required for a veil-piercing action. *Id*. at 8–11.

ORDER DENYING DEFENDANT LEBRETON'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5

On Reply, LeBreton argues that "[c]ourts in New York, New Jersey and Colorado have all found that when a plaintiff seeks to pierce the corporate veil the company is a necessary and indispensable party." Dkt. #25 at 2 (citing cases).

As an initial matter, the Court finds that LeBreton's requested relief is unclear. On the one hand, he states he is not moving to dismiss Plaintiff's "direct claims," Dkt. #25 at 1, and that "[t]his motion does nothing to affect Plaintiff's ability to pursue his direct claims against LeBreton," *id*. at 6, while on the other hand he argues that Plaintiff's claims cannot succeed without including Altrider as a necessary party, and that Altrider cannot be joined without destroying diversity. Dkt. #20 at 4–5. LeBreton's proposed order asks the Court to dismiss "[a]ll theories and allegations relating to personal liability of Defendant LeBreton based on alter ego or veil-piercing theories." Dkt. #20-1. This requested relief strikes the Court as half-baked, and contrary to the Court's practice of dismissing claims, not theories.

Turning to the substance of LeBreton's arguments, the Court notes that LeBreton has mischaracterized the nature of the STIPULATION FOR VOLUNTARY PARTIAL DISMISSAL OF ACTION WITHOUT PREJUDICE (Dkt. 19). Plaintiff did not voluntarily dismiss Altrider on his own, the parties *stipulated* to the dismissal. The stipulation is signed by counsel for Altrider and counsel for Defendant LeBreton. Dkt. #19 at 2. The Court does not see how LeBreton can argue Altrider has a legally protected interest in the subject of this suit given Altrider's stipulation to the dismissal of all claims against it. Furthermore, it is likely that LeBreton's stipulation waives his ability to make a Rule 19(a) argument. The stipulation even states "[t]his stipulation does not affect Plaintiff's claims in this case against any other party." *Id.* at 1. Nothing changed in this case between the stipulation and the instant Motion. These

glaring issues are not addressed by the parties, nevertheless the Court concludes they are dispositive. Given all of the above, the Court denies Defendant LeBreton's Motion.

## IV. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant LeBreton's Motion for Judgment on the Pleadings (Dkt. #20) is DENIED.

DATED this 6th day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE